DA 06-0771

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 322N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JACOB RAY HOGSETT,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-2006-030(B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Lisa S. Korchinski,
          Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Ilka Becker,
          Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Dan Guzynski, Lori Adams,
          Deputy County Attorneys, Kalispell, Montana

Submitted on Briefs:  November 14, 2007

Decided:  December 5, 2007

Filed:

_____
                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Jacob Ray Hogsett appeals an evidentiary ruling of the Eleventh Judicial District Court made during the course of his trial for Robbery and Accountability for Robbery in August of 2006. This ruling permitted the admission of an enlarged photograph of Hogsett used by the State during his trial. Because the District Court did not abuse its discretion in admitting this photograph, and the photograph itself did not prejudice Hogsett, we affirm.

¶3      On January 14, 2006, Hogsett, his half-brother Kyle Kolb, and his friend Brett Johnson, were drinking at a bar called Casey's in Whitefish, Montana. During the course of his visit to Casey's, Hogsett struck up a conversation with Matthew Madsen and Brian Hughes, residents of Missoula who had come up to Whitefish to go skiing at Big Mountain Ski Resort. After Casey's closed, Hughes and Madsen asked Hogsett for a ride back to their hotel room. En route to the hotel, they discussed the possibility of drinking more alcohol and smoking marijuana, and Hughes had Hogsett and Kolb stop at an ATM machine so he could withdraw money. Once they arrived at the hotel, Madsen and Hughes invited Hogsett and Kolb up to their hotel room.

¶4    Shortly after arriving in the hotel room, an altercation ensued among these individuals. During the course of the altercation, Kolb took money from Hughes's wallet. Hogsett, Kolb, and Johnson then left the motel, and drove away. They were later arrested and tried separately.

¶5    During Hogsett's trial, the State admitted three line-up photographs containing pictures of Hogsett, Kolb, Johnson, and other individuals. Additionally, the State moved to admit enlarged, 8½" by 11" photographs of these same line-up photos showing Hogsett, Johnson, and Kolb separately. Hogsett's counsel did not object to the admission of the line-up photos themselves, but objected to the admission of the enlarged photographs at trial, arguing that they were cumulative, irrelevant and prejudicial. The District Court admitted the enlarged photographs of Hogsett and Johnson, but denied admission of the enlarged photograph of Kolb. The jury found Hogsett guilty of Robbery on August 24, 2006.

¶6    On appeal, Hogsett argues that the admission of the enlarged photographs prejudiced him at trial. As evidence of this, Hogsett notes that some of the jurors polled after the trial stated that Hogsett's physical appearance made them tend to believe he was guilty, and that the enlarged photograph only served to inflame and prejudice the jury against him. In countering Hogsett on appeal, the State argues it is unfortunate if Hogsett's appearance might have contributed to his conviction, but if that is the case it would not be due to the enlarged photographs themselves because the line-up photos were properly admitted, and Hogsett was physically present in the courtroom for the jury to observe during the trial.

¶7 We review a district court's evidentiary rulings under the abuse of discretion standard. *State v. McCaslin*, 2004 MT 212, ¶ 15, 322 Mont. 350, ¶ 15, 96 P.3d 722, ¶ 15. "An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *McCaslin*, ¶ 15. Absent an abuse of discretion, we will not overturn a district court's evidentiary rulings. *McCaslin*, ¶ 15. Moreover, if we determine that evidence has been improperly admitted by the district court, we will reverse its decision only if the admission of that evidence was prejudicial to the defendant. *State v. Berger*, 1998 MT 170, ¶ 39, 290 Mont. 78, ¶ 39, 964 P.2d 725, ¶ 39. "In order for inadmissible evidence to be prejudicial, there must be a reasonable possibility that the evidence might have contributed to the conviction." *Berger*, ¶ 39.

¶8 We agree with the State and affirm the District Court. The enlarged photograph was not altered and did not depict Hogsett in a prejudicial light. Moreover, the line-up photos were properly admitted and Hogsett was personally present in the courtroom during the trial. For these reasons, we conclude the District Court did not abuse its discretion or prejudice Hogsett by admitting the enlarged photographs at trial.

¶9 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS